█ In the Matter of the Claim of JOHN OMOLINO, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which reversed the decision of a Referee and overruled the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits for a six days' period for failure to file his additional claim

on the day assigned by the commissioner. For the purpose of administering the Unemployment Insurance Law, the Commissioner is given "power to make all rules and regulations". (Labor Law, § 530, subd. 1.) To become entitled to benefits by accumulating effective days, a claimant must comply with the provisions of the act "regarding the filing of his claim". (Labor Law, § 590, subd. 1.) One of such "provisions" is that he file his claim "within such time and in such manner as the commissioner shall prescribe" (Labor Law, § 596, subd. 1) and "such time" has been prescribed by the Commissioner by regulations 40 and 41. Regulation 41 (subd. a) provides: "Each claimant shall report and certify to his unemployment, at specified days and hours established for him by the unemployment insurance office"; and regulation 40 (subd. b) provides that any additional claim by a claimant "shall be filed on his regular reporting day assigned to him in accordance with regulation 41" and further provides that compliance therewith "may" be excused. Respondent does not contest the validity or reasonableness of the regulations which, indeed, and in view of the vast numbers of claims presented, appear necessary in order to assign times evenly through the week and to avoid the burden and confusion which would attend the appearance of an undue proportion of claimants on one particular day to be received by a staff provided for, and geared to a more equal distribution. After a claim for benefits effective December 30, 1957, claimant worked from January 5, 1958 to Friday, September 26, 1958 when he was laid off for one week and in order to file his additional claim appeared at the local office on Monday, September 29. His claim was not accepted and he was instructed to return on Friday, October 3, since Friday had been his assigned reporting day upon his original filing. Claimant "forgot" to return on that day (the initial determination later finding this to be "negligence") and did return on Monday, October 6, before returning to work on that evening. Under regulation 40 any claim timely filed, i.e., "on his regular reporting day", would "be deemed filed as of the first day of his unemployment occurring in such week." It seems clear that claimant's appearance on Monday, September 29 was of no effect and that his failure to appear and file on Friday, October 3 deprived him of benefits for the otherwise effective days in that week; and that it would, of course, have been pointless for him to have appeared on the next succeeding Friday to file "as of the first day of his unemployment occurring in such week" since he was employed during that week. Decision reversed, without costs, and case remitted. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.