■ In the Matter of the Claim of ALLAN NIXON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GABRIELLI, J. Appeal

from a decision of the Unemployment Insurance Appeal Board holding claimant ineligible for benefits effective January 25 through January 30, 1966 on the ground he failed to comply with reporting requirements. The claimant's employment as an advertising executive terminated on January 13, 1966 and upon filing a claim for benefits effective January 17, 1966 he was assigned Wednesday between 2:30 P.M. and 3:00 P.M. as reporting day which was subsequently changed to Tuesdays at the same time. He was further instructed that if he expected to be out of town on his reporting day or if he had a job interview which conflicted with his reporting day, he was to report to the local office for special reporting arrangements. It is undisputed that on Tuesday, January 25, 1966 the claimant, without any definite appointment for a job interview, went to New York City with the avowed purpose of seeking employment, but failed to either report to or notify the local unemployment office of such intention or that he would not be reporting at the scheduled time. For the purpose of the effective administration of the Unemployment Insurance Law, the Commissioner is given the "power to make all rules and regulations" (Labor Law, § 530, subd. 1); and to become entitled to benefits, a claimant must comply with the provisions of the act "regarding the filing of his claim". (Labor Law, § 590, subd. 1.) One of such "provisions" is that he "shall make such reports in accordance with such regulations as the commissioner shall prescribe" (Labor Law, § 596, subds. 1, 2) and a regulation of the Industrial Commissioner (12 NYCRR 473:2) provides that each "claimant shall report and certify to his unemployment, at specified days and hours established for him by the unemployment insurance office". The validity or reasonableness of such a regulation appears necessary in view of the vast number of claims presented and processed when we must consider that it is necessary to assign times evenly through the week to avoid the burden and confusion which might occur if an undue proportion of claimants appear on any given day. The effective administration of the complexities of the act require regulated reporting rules such as the one under consideration. (*Matter of Omolino [Catherwood]*, 11 A D 2d 553.) The record discloses no basis upon which we would be justified in disturbing the board's determination (*Matter of Pineau [Catherwood]* 24 A D 2d 782; and the reason for claimant's failure to report constituted a factual issue and there is substantial evidence to sustain its conclusion. (*Matter of Rescigno [Catherwood]*, 24 A D 2d 658; *Matter of Ulrich [Catherwood]*, 26 A D 2d 979.) Decision affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.