Louis Gr. Bbuhn, J.
This in an article 78 proceeding in which the petitioner ‘ ‘ requests this court to declare the Emergency Assistance for Adults regulations of Respondent Lavine to be invalid insofar as they exclude petitioner from receipt of emergency assistance and to order respondents to forthwith give to petitioner emergency assistance so that she can buy food and other essentials of life.”
Pursuant to CPLR 7804 (subd. [f]) both respondents raise objections in point of law to the petition.
In support of his position, Commissioner Lavine claims that since the petitioner is a recipient of SSI benefits she is not entitled to any State benefits and must look to Congress and not to the respondents who have “no legal duty to directly provide funds to the Petitioner for her maintenance.”
Such argument, of course, overlooks completely the fact that the petitioner is not claiming the respondents have any duty to maintain her on an ongoing basis but they do have a duty to meet her emergency needs when they occur.
To sustain her position, the petitioner points to section 1 of article XVII of the New York State Constitution and subdivision 1 of section 62 and subdivision 1 of section 131 of the Social Services Law as imposing an affirmative duty upon respondents to aid the needy.
Section 1 of article XVII provides: ‘ ‘ The aid, care and support of the needy are publtd concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such' means, as the legislature may from time to time determine.” (Italics supplied.)
Subdivision 1 of section -62 of ,the 'Social Services Law provides: “1. Subject to reimbursement in the eases hereinafter provided for, each public welfare district shall be responsible for the assistance and care of any person who resides or is - found in Us territory and who is in need of public assistance and care which he is unable to provide for himself.” (Italics supplied.)
Subdivision 1 of section 131 of the Social Services Law provides, in part: “1. It shall be the duty of social services officials, insofar as funds are available for that purpose, to provide adequately for those unable to maintain themselves, in accordance with the requirements of this article and other provisions of this chapter.” (Italics supplied.)
Apparently Justice Couway was influenced by these provisions when he granted an interim order on January 29,1974 directing *3 Commissioner Fahey to provide the petitioner such emergency assistance.
Having been successful to that extent might, of course, suggest that the- matter has become academic and the petitioner no longer has a justiciable issue and that a dismissal of the petition on that basis alone should be granted.
However, in the case of Matter of Gold v. Lomenzo (29 N Y 2d 468, 475-476) the court stated: “ In any event there is ample authority that a matter, although settled as between the parties, will not be considered academic when the underlying questions are of general interest, substantial public importance and likely to arise with frequency (Matter of Bell v. Waterfront Comm., 20 NY 2d 54, 61; East Meadow Community Concerts Assn. v. Board of Educ., 18 N Y 2d 129, 133; Matter of United Press Assns. v. Valente, 308 N. Y. 71, 76).”
Certainly the question of whether recipients of SSI benefits or others can, under no circumstances save those enumerated in the rules, receive emergency assistance upon a proper showing is a question that is more than likely to be recurring.
Where ‘ ‘ the controversy is of a character which is likely to recur not only with respect to the parties before the court but with respect to others as well * * * the differences between the plaintiff and the defendant give rise to a ‘ justiciable controversy ’, for which a declaratory judgment would be an appropriate remedy (see CPLR 3001).” (East Meadow Community Concerts Assn., supra, p. 135; italics supplied.)
Therefore, assuming arguendo, the petition is vulnerable for article 78 purposes it still suffices for declaratory judgment purposes.
Consequently, it is the declaration and judgment of this court that the emergency assistance for adults regulations of the respondent Lavine are invalid insofar us they exclude the petitioner and others similarly situated from applying for emergency assistance, without regard to any facts beyond such rules.
It is the- further judgment of this court that the respondents be ordered and directed to set up a procedure making available an immediate and preferred hearing and determination of all emergency assistance claims submitted.