■ In the Matter of BLANCHE ELMS, Respondent, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered June 10, 1974 in Albany County, which granted the respondent declaratory and injunctive relief, in a proceeding pursuant to CPLR article 78, declaring the regulations of appellant Lavine invalid insofar as they exclude respondent and others similarly situated from applying for emergency assistance under 18 NYCRR Part 397, and directing appellants to establish expedited hearing procedures for the handling of all such claims. By this article 78 proceeding petitioner seeks a declaration that the Department of Social Services "Emergency Assistance for Adults" regulations are invalid insofar as they exclude her from receipt of emergency assistance. A mere reading of the petition clearly demonstrates that it is fatally defective and must be dismissed. It alleges, on information and belief, that petitioner's attorney communicated with one of appellant Fahey's representatives; that her attorney was told that the State's regulations do not authorize emergency assistance to petitioner and that no assistance would be rendered. State regulations require a face to face interview with petitioner or his duly designated representative (18 NYCRR 397.1 [e]). The petition does not allege that the attorney was petitioner's designated representative. Nor does it allege that the request for relief was in writing on the required authorized form. (18 NYCRR 397.1 [c]). Furthermore, no final determination is sought to be reviewed. (CPLR 7801.) We consider no other issues. Judgment reversed, on the law and the facts, without costs, and petition dismissed. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur. [79 Misc 2d 1.]