■ In the Matter of the Claim of JOHN ZOGRAFOS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 1975, which held claimant ineligible to receive benefits effective January 20, 1975 on the ground that he was not available for employment. Claimant, a full-time student in a college, was denied benefits by the board, which found that he was not available for employment during the period in issue since he did not make active, diligent and sincere efforts to obtain employment. The factual finding of the board that claimant was not available for employment is supported by substantial evidence. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of HARRY A. ZENN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 31, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner ruling claimant ineligible for benefits effective January 18, 1972 to May 12, 1974 because he failed to comply with registration requirements and denying his request to predate his claim to January 18, 1972. The claimant alleges he did not file his claim for unemployment insurance benefits at the time he voluntarily retired from government service because of misinformation given to him at the local office prior to the date of retirement. Claimant, however, was then only inquiring regarding benefit rights at a time when he was still employed and contemplating voluntary retirement. The information given him, according to his testimony, was essentially correct. The possibility of a change in the nature of his retirement to one for disability did not occur until he made application for same, and prudence would dictate that he then register a claim for unemployment insurance benefits in the anticipation that his application might be granted and not wait for some two years. There was substantial evidence for the board's finding that claimant failed to comply with the registration requirements (*Matter of Iacone [Catherwood]*, 34 AD2d 590). The denial of claimant's request to predate his application was a reasonable exercise of discretion since such action would necessarily dispense with the specific reporting requirements which are necessary to properly administer the Unemployment Insurance Law (*Matter of Nixon [Catherwood]*, 29 AD2d 895; *Matter of Omolino [Catherwood]*, 11 AD2d 553). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of MURIEL J. LINETSKY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 1975, which affirmed the decision of the referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she voluntarily left her employment. The record indicates that claimant left her employment in New York because she wanted to join her husband who was with the Army stationed in Virginia. Claimant separated voluntarily from her employment to join her spouse in another locality and is disqualified from receiving benefits (Labor Law, § 593, subd 1, par [b]; *Matter of Hernandez [Catherwood]*, 27 AD2d 766). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.