Nathaniel T. Helman, J.
Petitioners are recipients of Supplemental Security Income (SSI) from the United States Social Security Administration which includes optional State grants provided by the New York Social Services Law. In this article 78 proceeding they challenge a provision of the New *1019 York Social Services Law (Social Services Law, § 158, subd [a]) which provides State home relief, but renders petitioners ineligible to receive supplemental public assistance solely on the ground that they are SSI recipients. In a preliminary proceeding before this court on the procedural issue as to whether this action could properly be maintained as a class action the court denied respondents’ motion to dismiss, and directed the State commissioner to file his answer, so that the proceeding could be heard on the merits, a determination that was upheld on appeal.
Prior to the enactment of a Federal statute effective January 1, 1974 public assistance to the aged, blind and disabled was administered under a New York State program funded by both Federal and State Governments (AABD). On January 1, 1974 the Federal Government took over the program directing that it be administered by the Social Security Administration. A basic grant was provided to every aged, blind and disabled person in the country with appropriate provisions authorizing each State to make an additional grant for each SSI recipient, so that the Social Security Administration could issue one check for the combined total. In conformity with this plan, New York State repealed its own AABD program (Social Services Law, §§ 207-320) and authorized supplemental grants for each SSI recipient as a flat grant. It is to be noted also that the same statute directed the commissioner to promulgate regulations authorizing grants to provide for any other needs of SSI recipients not being met by those that had been received. While that regulation expired April 1, 1974, its purpose was clearly defined in the case of Fuller v Nassau County Dept. of Social Servs. (77 Misc 2d 677, 684) where the court said: "Subdivision 10 of section 131-a of the Social Services Law specifically authorizes departmental provision to meet the needs of AABD persons 'whose needs are not met’ by the SSI program. Since there is no stated limitation upon this residual assistance, this statute appears to cover this type of emergency where SSI has failed to meet the urgent needs of aged, blind, and disabled persons. It is the residual channel of aid, where all others break down, that fulfills the State’s obligations under its Constitution and * * * Social Services Law.” No regulations implementing these stated purposes were enacted.
On the other hand, the Legislature proceeded to amend subdivision (a) of section 158 of the Social Services Law to *1020 provide that all SSI recipients were barred from receiving home relief. It is the claim of the petitioners in this proceeding that the SSI grants are insufficient to meet their needs as defined by regular public assistance standards, and that the denial to them of eligibility similar to that possessed by other citizens is an impairment of their constitutional rights. In addition to their charges of inequality and discrimination in the distribution of assistance petitioners point out that persons who are aged, blind and disabled have many more monthly requirements than their fellow citizens, particularly with reference to transportation costs, clothing needs, special diets, proximity to hospital and other circumstances requiring disbursements in excess of those received by other persons in need. This they demonstrate by charts and calculations indicating that in numerous instances, they would receive greater allowances were they placed in the ordinary category of relief recipients.
Section 1 of article XVII of the New York State Constitution states: "The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine.”
While many decisions have been rendered reviewing the intent and meaning of the quoted provision, an excerpt from the debates at the 1938 Constitutional Convention best states its essential purposes. "The Legislature may continue the system of relief now in operation. It may preserve the present plan of reimbursement to the localities. It may devise new ways of dealing with the problem. Its hands are untied. What it may not do is to shirk its responsibility which, in the opinion of the committee, is as fundamental as any responsibility of government;” (Emphasis added.)
Primary responsibility for the handling of problems involving aid and care of the needy has been placed in the hands of local welfare districts by the provisions of subdivision 1 of section 62 of the Social Services Law which reads as follows: "Subject to reimbursement in the cases hereinafter provided for, each public welfare district shall be responsible for the assistance and care of any person who resides or is found in its territory and who is in need of public assistance and care which he is unable to provide for himself.”
There can be no doubt, under various decisions of our State, that the local welfare districts have such a responsibility *1021 independent of any assurance of reimbursement from the State. This was clearly held in Jones v Berman (37 NY2d 42).
Thus the major issue to be determined in this proceeding based upon the history of SSI and its antecedents, is whether or not subdivision (a) of section 158 of the Social Services Law insofar as it bars needy SSI recipients from receiving home relief, is a denial of equal protection of the law. That statute provides: "Any person unable to provide for himself, or who is unable to secure support from a legally responsible relative, who is not receiving needed assistance or care under other provisions of this chapter, or from other sources, shall be eligible for home relief. * * * A person who is receiving federal supplemental security income payments and/or additional state payments shall not be eligible for home relief.” (Emphasis added.)
The charts and schedules submitted by petitioners show several instances in which the bar of subdivision (a) of section 158 denied them support payments which they would ordinarily receive were they on home relief. While the difference may not be substantial to the average employable citizen, to an individual who falls within the SSI category it may represent a matter of serious hardship. The courts have looked critically upon this type of inequality in the distribution of relief benefits. In Rothstein v Wyman (303 F Supp 339) the court found discriminatory a difference in standards between grants to recipients in up-State counties from those in New York City. In Ryan v Minter (393 F Supp 88) a Massachussets statute provided that persons over 65 were not eligible for State general relief. In holding that the statutory classification was violative of the equal protection clause the court said (p 100): "The stated purpose of the GR program is to aid all residents of Massachusetts when they are in need * * * Despite this, persons [65 or over] are denied GR assistance even if their need is as substantial as those declared eligible for GR * * * In other words, persons similarly situated are denied assistance solely because of their age. Yet, we think it evident that need is a common denominator that cannot be classified to age. Therefore, the classification created by [the statute] is based upon a criterion that bears no relation to the legislative purpose of the GR program.” Equal protection standards in the welfare field have been regarded as a fundamental requirement in several decisions in New York State. (Boines v Lavine, 44 AD2d 765; Taylor v Dumpson, 79 Misc 2d *1022 379; Young v Shuart, 67 Misc 2d 689; Padilla v Wyman, 34 NY2d 36; Shapiro v Thompson, 394 US 618.)
In replacing the need based public assistance grant under section 13i-a of the Social Services Law with a flat grant to persons receiving SSI the State has failed to give due recognition to all of the defined standards of need for recipients who fall into the SSI group. The effect of the enactment of subdivision (a) of section 158 of the Social Services Law, as amended, was to deprive a special class of citizens of the assurance that when all other programs fail to meet their needs, other grants would be made available to them for that purpose. When the program (Social Services Law, § 207) to meet the needs of the aged, blind and disabled who were receiving Federal SSI grants was enacted the memorandum of the State Executive Department had this to say: "The federal program provides a uniform standard of need (any payment) nationwide; unfortunately, that standard is far lower than the standard of need for these same persons under the state’s former AABD program.” (NY Legis Ann, 1974, pp 145, 147.)
While the flat grants of the State program are in most instances sufficient, there are instances such as experienced by the petitioners, where needs are not being met. Article XVII of the Constitution, as well as subdivision 1 of section 62 of the Social Services Law, is concerned with the rights of each individual and not with the group or class into which he falls. The discretion given to the Legislature by article XVII to set up methods and programs for handling the needs of its citizens, does not authorize that body to exclude any individual citizen from his right to share such privilege equally with his fellow citizens. At the constitutional convention it was aptly said of the Legislature, as already indicated, that it may not shirk these responsibilities.
It must be pointed out that while the State had the option of establishing levels of grants, the cities’ duty under subdivision 1 of section 62 of the Social Services Law is mandatory. By the provisions of that section the city "shall be responsible for the assistance and care of any person who is in need.” (Emphasis added.)
In considering the constitutionality of subdivision (a) of section 158 the court has reviewed the contention of the respondents that a statute is generally presumed to be valid and that the test upon examination of its constitutionality is frequently limited to the question whether it is rationally *1023 related to a legitimate State interest. However, the court is not foreclosed from finding such a statute unconstitutional if it comes in conflict with the equal protections guaranteed to all State citizens. Respondents point out that one of the avowed purposes of its supplemental assistance provisions, was to prevent SSI recipients from receiving double grants. This was stated in the memorandum of the Executive Department as follows: "To prevent duplication of assistance payments, persons who have been determined to be eligible for supplemental security income benefits and/or additional state payments would be made ineligible for home relief.” (NY Legis Ann, 1974, pp 145, 146.)
While avoidance of duplication is a commendable pursuit, if the statute by its terms precludes a group of recipients from receiving minimum standards of need a deprivation results which seriously prejudices their rights. The failure of subdivision (a) of section 158 of the Social Services Law lies in its omission to provide ways and means by which inadequate grants could be brought up to the subsistence level. The fact that the Federal Government has not supplied benefits sufficient to meet the needs of SSI recipients does not take away from the duty of the State in that regard.
Respondents are also concerned with the possibility that the Federal Government may shift the costs of administering assistance programs to the State if the present method of handling SSI recipients is altered. While such a claim cannot be used to deny petitioners their constitutional rights, there is no basic reason why a requirement that the locality involved carry out its statutory responsibilities under subdivision 1 of section 62 of the Social Services Law, should interfere in any manner with the present program of administration as between the State and the Federal Governments.
On the basis of the statutory provisions and the background and history of these enactments, this court will hold that subdivision (a) of section 158, insofar as it bars any individual citizen from asserting his right to public assistance where needed, so as to deprive him of privileges similar to those possessed by his fellow citizens is unconstitutional. Such a statute "violates plaintiffs’ constitutional rights established by the equal protection clause of the Fourteenth Amendment to the Constitution in that, although plaintiffs are as needy as other recipients of assistance who also have income, the regulation operates to the financial disadvantage of the plain *1024 tiffs” (Anderson v Burson, 300 F Supp 401, 404). Had subdivision (a) of section 158 in establishing eligibility requirements contained additional provisions for supplementation of inadequate grants up to subsistence level for all SSI recipients, its validity could not be questioned.
Petitioners are therefore entitled to the relief sought in their application as follows: (a) respondents will be restrained from enforcing any policy, regulation or practice which denied to an SSI recipient the right to apply, on an individual basis, for public assistance benefits under established home relief standards, when required to meet minimum needs (b) declaring subdivision (a) of section 158 of the Social Services Law, insofar as it renders ineligible for home relief assistance any SSI recipient, unconstitutional as violative of article XVII of the State Constitution and the Fourteenth Amendment of the Federal Constitution; (c) directing the local welfare district, pursuant to subdivision 1 of section 62 of the Social Services Law to accept application on an individual basis, from SSI recipients, for public assistance based on home relief standards similar to those available to all other classes of citizens.