*260 OPINION OF THE COURT
Alfred M. Ascione, J.
Motions under calendar numbers 133 of October 8, 1976 and 178 of October 15, 1976 are consolidated for disposition.
By this article 78 proceeding, the three petitioners, who are recipients of public assistance, seek to have declared invalid 18 NYCRR 352.3 (a), which in its present form, effective October 1, 1975, establishes a maximum allowance for shelter for persons on public assistance, according to county of residence and family size. Petitioners seek to maintain this proceeding as a class action on behalf of all persons receiving or eligible to receive home relief, veterans assistance, or medical assistance and who are paying rents higher than the maxima prescribed in 18 NYCRR 352.3 (a), and whose public assistance grant for rent is or is about to become lower than the amount of rent which they actually pay, or who have been ruled ineligible to receive home relief or medical assistance solely on the basis that their standard of need is determined by the maximum set in 18 NYCRR 352.3 (a) and not on the basis of rent actually paid. By separate motion made subsequent to the commencement of this proceeding, petitioners seek to stay respondents from reducing the grants of public assistance to petitioners below the level which petitioners were receiving on August 31, 1976. The respondents, the commissioners of the State and New York City Departments of Social Services, each separately cross-move to dismiss the petition on the ground that a cause of action is not stated.
The class action relief sought by petitioners cannot be granted. This case is identical, as to the facts relevant to the request for class action status, to the recent controlling holding by the highest court of this State in Matter of Martin v Lavine (39 NY2d 72). It was held therein that due to the enormity of the administrative problem in granting class action relief, and as subsequent petitioners alleging similar facts are protected by the principles of stare decisis, class action relief is inappropriate.
Concerning the contention that 18 NYCRR 352.3 (a) is invalid as a denial of equal protection of the laws under the Fourteenth Amendment to the United States Constitution and as violative of the mandate of article XVII of the New York State Constitution that the State shall provide for the aid, care and support of the needy, this court adheres to the reasoning of Elms v Lavine (79 Misc 2d 1, revd on other *261 grounds 48 AD2d 751) and Matter of Lee v Smith (87 Misc 2d 1018). In the latter case it was held (p 1022): "While the flat grants of the State program are in most instances sufficient, there are instances such as experienced by the petitioners, where needs are not being met. Article XVII of the Constitution, as well as subdivision 1 of section 62 of the Social Services Law, is concerned with the rights of each individual and not with the group or class into which he falls.”
Thus, the ceiling placed on grants for shelter to petitioners is invalid.
The further issues raised herein are not reached.
The cross motions to dismiss are denied. The motion for a stay is granted to the extent that, pending the determination of this proceeding, respondents are stayed from reducing the shelter allowances to petitioners below the level which they were receiving on August 31, 1976. Respondents are directed to answer the petition within 10 days after service of a copy of this order with notice of entry. The maximum shelter allowances set forth in 18 NYCRR 352.3 (a) shall not be considered in considering the amount of public assistance to which the petitioners are entitled. This holding shall not be construed, however, as a determination that petitioners are entitled to allowances for rent equal to that now charged upon their present dwellings merely for the reason that they presently reside in those places, or that under no circumstances can the shelter allowances to petitioners be reduced below the level of that which they were receiving on August 31, 1976.