In the Matter of GLORIA PAILLEY, Appellant, v JOHN FAHEY, as Commissioner of the Department of Social Services of Albany County, et al., Respondents.

Third Department, December 30, 1976

*John D. Charles* for appellant.

*Robert Lyman, County Attorney (Stanley G. Walker* of counsel), for John Fahey, respondent.

*Louis J. Lefkowitz, Attorney-General (CLifford A. Royael* and *Jean M. Coon* of counsel), for Stephen Berger, respondent.

MAHONEY, J. In February, 1975 petitioner, her husband and their four children were accepted by the Albany County Department of Social Services (Agency) for its Home Relief Program. On November 1, 1975 petitioner's husband was deleted from the program for failure to accept a job referral and the family's grant was reduced. By letter, dated October 22, 1975, the Agency informed petitioner that she had been found employable and directed her to report on October 30, 1975 to register for work. Petitioner requested a fair hearing to contest the necessity for registration. A fair hearing was held on November 21, 1975. The Agency concluded that since petitioner's husband was unemployed and could remain at home to care for the children on the two days a month that petitioner would be required to report to the Agency's office, she was "employable" within the meaning of subdivision 5 of section 131 of the Social Services Law. On January 8, 1976 the State Department of Social Services affirmed the Agency's decision. This CPLR article 78 proceeding ensued.

Subdivision 5 of section 131 provides, in substance, that no assistance or care shall be given to an employable person who has not registered or has refused to accept employment. Willful failure to report for an interview is statutorily construed to be a refusal to work. The statute does, however, set

forth several incapacitating circumstances that negate an "employable" status, including the need to provide full-time care for children for whom care is not otherwise reasonably available.

At bar petitioner contends it was the duty and burden of the Agency to prove the disqualifying circumstances, i.e., that her husband was available and had the requisite interest and capacity to care for the children in her absence. This, she contends, the Agency ·failed to do. This argument is rejected. Applicants for home relief bear the burden of showing their eligibility *(Matter of Barie v Lavine,* 48 AD2d 36, 38-39, affd 40 NY2d 565). To hold otherwise would prostrate the purpose of subdivision 5 of section 131 "to get people not truly without the capacity to aid in their own support off welfare rolls and onto payrolls" (48 AD2d 36, 38-39, *supra),* particularly since the relevant facts are in the possession of the recipient.

Since it is undisputed that petitioner's husband is unemployed, healthy and interested, since he turns his entire unemployment check over to petitioner, it is reasonable to infer that he is available to care for the children on the two days a month that petitioner would have to report to the Agency. No evidence to the contrary was offered by petitioner other than her contention that her husband had a drinking problem, a fact he denies. That these facts were established by documentary proof, rather than orally by witnesses, is not germane in this case since they are not disputed (see *Matter of Van Wagner v Van Lare,* 86 Misc 2d 794; 18 NYCRR 358.9 [g]).

The determination herein was supported by the rebuttable presumption of employability created by subdivision 5 of section 131 of the Social Services Law. Petitioner's failure to rebut that presumption lends support and rationality to respondents' determination, requiring affirmance *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

The determination should be confirmed, and the petition dismissed, without costs.

KOREMAN, P. J., SWEENEY, MAIN and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.