■    EDNA MANDEL, Appellant, v CITY OF NEW YORK et al., Respondents. —Judgment, Supreme Court, Bronx County, entered on February 25, 1976, dismissing the complaint in this negligence action at the conclusion of plaintiff's case, affirmed, without costs and without disbursements. On February 9, 1969, 14 inches of snow covered the City of New York. An additional inch fell during the following day. In the meantime, and up to the date of the accident, the temperature ranged from 26 to 36 degrees and 24 to 36 degrees. On February 11 plaintiff ventured out to go shopping, using a pathway cleared on the sidewalk in front of her apartment building by an employee of defendant, Wiener, which led to the roadway of Baychester Avenue. The snow on either side of the pathway was described by

plaintiff as being about up "to my knee". At the end of the pathway she climbed the snow mound which abutted the sidewalk. When she returned from the store she retraced her steps and climbed that same snow mound to get back on the sidewalk. She testified that this mound was made up of "rough ice * * *. very rough ice". Aside from the fact that the plaintiff's statements, in and out of court, were contradictory as to whether she fell on the sidewalk or in the roadway of Baychester Avenue, we have viewed the evidence in the light most favorable to her. So that, even if we assume that she did fall on the sidewalk, the record nevertheless fails to disclose any proof of actionable negligence on the part of either defendant, under the circumstances surrounding the accident. Concur—Kupferman, J. P., Birns, Capozzoli and Lynch, JJ.; Nunez, J., dissents in the following memorandum: Plaintiff was unable to return to her home without climbing over snow mounds resulting from defendant Wiener's attempt to clear the recent, heavy snowfall. Whether or not Weiner's activity in shoveling the snow into mounds created a more dangerous condition than the untouched snow, and therefore was negligent, was a question of fact for the jury to decide. I would reverse and order a new trial.