■ LUCY WHITE, Petitioner, v ABE LAVINE, as New York State Commissioner of Social Services, et al., Respondents.—Petition dismissed and determination unanimously confirmed, without costs. Memorandum: Petitioner in a proceeding pursuant to CPLR article 78 seeks a review and annullment of a determination made by respondent Lavine, New York State Commissioner of Social Services, affirming a decision of respondent Weber, Commissioner of Niagara County Department of Social Services, refusing payment under the medical assistance program of a bill in the amount of $3,267.41 for medical treatment to petitioner in Cleveland, Ohio. The regulations promulgated by the New York State Department of Social Services require that medical assistance be provided to an applicant or recipient who is a resident of the State and who receives medical care outside the State "when the best interests of the applicant or recipient will be most effectively served because * * * of the limitations of medical care resources in the state or district of residence" (18 NYCRR 360.12 [a] [2]). Petitioner has the burden of proving her eligibility for public assistance benefits *(Matter of Rogers v Berger,* 57 AD2d 722; *Matter of Vickers v Lavine,* 56 AD2d 731; *Matter of Pailley v Fahey,* 55 AD2d 201). The record does not contain sufficient proof of the limitations of care available in New York State to satisfy petitioner's burden of proving her eligibility under 18 NYCRR 360.12 (a) (2). Accordingly, the determination of respondent Lavine is supported by substantial evidence and is confirmed (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Pell v Board of Educ.,* 34 NY2d 222). (Article 78 proceeding transferred by order of Niagara Supreme Court.) Present— Marsh, P. J., Simons, Hancock, Jr., Schnepp and Witmer, JJ.