■ In the Matter of GEORGETTE TILLMAN, Petitioner, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the New York State Department of Social Services, sustaining discontinuance of benefits for 30 days. On September 20, 1978, the petitioner was handed an appointment slip, a copy of which was signed by her at the time of receipt. That appointment slip was for October 17, 1978 and stated as follows:

"You have an appointment at the Employment Unit, Albany County Dept. Social Services, for placement in the Public Works Project. Your participation in this project is required according to law as long as you are receiving Home Relief Assistance and are able to work. You must keep the appointment that has been scheduled for you above. If you cannot keep this appointment, you must contact the Employment Unit at the telephone number listed below. If you do not keep this appointment and do not call or contact the Employment Unit negative action will be taken against your case.

"Employment Unit
1st Floor, ACDSS
40 Howard Street
Albany, New York
Tel. 471-5960

<u>Signature      Georgette Tillman</u>"

The petitioner admittedly did not appear at the Employment Unit as required and did not call the telephone number listed (see above) to explain her absence. The local office notified the petitioner that based upon her failure to report and comply with the eligibility requirements of the department's regulations a suspension of benefits for 30 days would be imposed. The petitioner requested a fair hearing and the respondent State commissioner ruled that she had failed to establish good cause for her failure to report and was, therefore, subject to a disqualification or suspension of benefits. The petitioner recognizes in her brief that the statutory eligibility requirements which apply are those in section 164 of the Social Services Law (all statutory references hereinafter are to the Social Services Law) relating to assigning recipients of home relief to public works projects. Subdivision 4 of section 164 provides: "4. Any person who refuses to report for or to perform work to which he has been assigned by the social services official or the state industrial commissioner shall thereupon become ineligible for home relief." It should be noted that section 164 permits the appropriate social services official to contract with manpower sponsors or with the State Industrial Commissioner to carry out the assignment of home relief recipients to public works proejcts. However, the evidence in this record establishes that the initial referral service utilized was the establishment of an employment unit by the County of Albany in its local office. Consistent with the provisions of section 164, the regulations of the Department of Social Services provide, in part, as follows (18 NYCRR 385.6): "(a) A person required to accept manpower services and certification under this Part shall be deemed to have refused to accept such services as required and * * * his assistance shall be terminated if he, without good cause: * * * (3) fails to accept referral to employment * * * (8) fails to accept referral to * * * work relief on a public works project." The subject regulation also provides that a recipient's explanation of a failure to report must be considered in reaching a decision on good cause. There is nothing unreasonable in placing the burden upon the recipient to establish good cause for a failure to report and, indeed, the reason for such a failure would ordinarily be peculiarly within the sole knowledge of the recipient (cf. *Matter of Pailley v Fahey,* 55 AD2d 201). The issue to be determined is whether or not the rejection of the petitioner's explanation as constituting good cause is supported by substantial evidence. The petitioner testified that she did in fact try to keep her appointment, but mistakenly arrived at the wrong place. In support of her version she offered the testimony of her mother who

accompanied her to the local office on October 17 as otherwise required. However, while the petitioner's testimony at points tended to establish a reasonable belief on her part that she was to report to her caseworker and not to the employment unit, she did admit that she originally received the written notice quoted hereinabove from an employee in the employment unit of the local office. Based upon that admission and other testimonial inconsistencies, the rejection of petitioner's contention that she thought she was supposed to report to her caseworker, rather than the employment unit, on October 17, 1978 is not irrational and is supported by substantial evidence *(Matter of Pailley v Fahey, supra)*. While dealing with a different statute (Labor Law, § 596), the following observation from *Matter of Nixon (Catherwood)* (29 AD2d 895, 896) is appropriate: "The validity or reasonableness of such a regulation appears necessary in view of the vast number of claims presented and processed when we must consider that it is necessary to assign times evenly through the week to avoid the burden and confusion which might occur if an undue proportion of claimants appear on any given day. The effective administration of the complexities of the act requires regulated reporting rules such as the one under consideration * * * the reason for claimant's failure to report constituted a factual issue and there is substantial evidence to sustain its conclusion." Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to annul in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. It is clear from the documents submitted by the commissioner that petitioner only failed to keep an appointment for a "pre-assignment job interview". She did not "refuse to report for or to perform work to which [s]he has been assigned by the social services official." Subdivision 4 of section 164 of the Social Services Law is not applicable to the facts of this case. Paragraphs (1), (2) and (3) of 18 NYCRR 385.6 (a) of the commissioner's regulations refer to situations arising under subdivision 5 of section 131 of the Social Services Law. Likewise, paragraph (8) of the same regulation does not make reference to a failure to report for a "pre-assignment job interview." Consequently, the presumption created by 18 NYCRR 385.6 (a) is unavailable, and there is neither statutory nor regulatory authority for imposing the sanction contained in 18 NYCRR 385.7 (b). Moreover, the record as a whole does not contain substantial evidence to support the determination of the commissioner. The determination should be annulled and the matter remitted to the commissioner for appropriate action.