OPINION OF THE COURT
Daniel H. Prior, J.
Petitioner brings a CPLR article 78 proceeding to review a New York State Department of Social Services fair hearing decision dated November 23, 1979, affirming a Sullivan County Department of Social Services determination, dated August 20, 1979, to reduce petitioner’s welfare grant for the purpose of recouping a deliberately caused overpayment.
Petitioner received his 1979 income tax refunds and spent them. Petitioner deliberately withheld from the local welfare agency the fact that he received the fund despite clear knowledge that he was required to so inform the local welfare agency.
Subsequently, the local welfare agency discovered the fact and determined to recoup the amount ($908) by reducing the welfare cash grant by 10% of the monthly needs pursuant to 18 NYCRR 352.31 (d) (2).
*896 Thereafter, on September 21, 1979, a fair hearing was held resulting in the November-23,1979 decision appealed herein.
Petitioner’s claims are summarized as follows: (1) the portion of the income tax refund used to pay a real property tax bill is not recoupable as a matter of law, as it was not an overpayment; (2) the definition of “undue hardship” in determining what portion of the welfare recipient’s grant is recoupable monthly, as used in the decision, is illegal as a matter of law as being made in violation of the New York State Administrative Procedure Act; (3) the determination of “undue hardship” was used in an arbitrary and unreasonable manner (irrespective of its definition) and not on a case-by-case basis. Petitioner further claims (4) that the local welfare agency ignored the New York State Department of Social Services’ directive to continue aid unchanged (concerning the specific issue and the appealed notice to reduce) pending the fair hearing decision.
Welfare recipients are under a continuous affirmative duty to (1) promptly and completely inform the local welfare agency of all factors which may affect their eligibility for benefits and (2) reasonably co-operate with the agency concerning the welfare case (see Ector v Blum, Supreme Ct, Ulster County, Sept. 6, 1979, Cholakis, J.).
As is the case for most governmental benefits, a welfare recipient has the burden of proof in showing his eligibility (initial and continuing) (see Lavine v Milne, 424 US 577; Matter of Pailley v Fahey, 55 AD2d 201), particularly where the knowledge is solely with the recipient (see Matter of Tillman v Fahey, 73 AD2d 980).
It was determined below and petitioner concedes that he deliberately withheld information concerning the receipt of his income tax refunds even while being aware of his duty to inform the local welfare agency. Petitioner then spent the money on items normally included within the regular welfare grant, including real property taxes. The fact that he might have been able to receive assistance with his real property tax payments from community services, including the welfare department, is not a valid ' excuse to reduce the amount of the overpayment. His real *897 property tax remedy lay elsewhere and required full exhaustion of his administrative remedies. (See Matter of Elms v Lavine, 48 AD2d 751.)
Petitioner argues that the local welfare agency had a duty and burden to explore, analyze and evaluate the resource pursuant to 18 NYCRR 352:16. However, petitioner having deliberately failed to bring them to the local welfare agency’s attention for determination while they were still income or resources is not now in a position to complain. The facts around the receipt of the funds and their expenditure were before the local welfare agency and the fair hearing. This issue was not raised by petitioner then. (See Matter of Elms v Lavine, supra.) It cannot be said that an evaluation did not occur. Petitioner has received funds for which he was not entitled and the local welfare agency is entitled to recover the funds. (See Matter of De Luca v D’Elia, 83 Misc 2d 1080; 18 NYCRR 352.31 [d].)
Clearly, petitioner cannot deliberately "withhold information concerning income and resources, spend the funds (on bona fide needs or otherwise), and be able to hold the type of expenditures up as an excuse to avoid the local welfare agency from taking steps to recover. Petitioner’s needs are to be met from the welfare grant.
In a similar situation (Matter of Avery v Berger, 56 AD2d 761), the Appellate Division, Fourth Department, held that the spending of tax refunds on overdue utility bills, even while informing the local welfare agency, was recoup-able.
Petitioner’s situation is distinguishable from cases cited by him, where proceeds from a resource were first used to pay the loans used to purchase the resources.
The term “undue hardship” is a sufficiently precise term that it can be understood without a regulatory definition. Its definition within the fair hearing decision does not have the legal effect of setting a new standard or procedure, and is no more than an interpretative statement. Respondent Blum did not err in the use of the definition nor violate the New York State Administrative Procedure Act.
A reading of all of petitioner’s papers would suggest that welfare recipients on full grants suffer undue hardship *898 and, as a matter of law, any recoupment would cause more undue hardship. This court cannot accept this premise even in light of inflation and the passage of time since the last statutory increase in the welfare grants. The recent legislative sessions have considered the matter.
It cannot be said that the recoupment affirmed by the fair hearing did not consider undue hardship on an individual basis. In fact, a major portion of the hearing was devoted to the issue. It must be noted that petitioner admitted to virtually the entire support (excepting room) of an adult daughter (who works part time) and who is not in the grant, as well as mailing food stamps to a college student son living away from home, who was also not in the grant. It cannot be said that the determination is arbitrary and capricious as there is some basis in the record. The issue of whether the determination is supported by substantial evidence is specifically not raised and is waived. (Matter of Curry v Blum, 73 AD2d 965.) Concerning undue hardship, petitioner has the burden of proof to demonstrate something more than the loss of welfare benefits due to recoupment. Undue hardship goes beyond the hardship of welfare or hardships which might be normally associated with a recoupment, to the barest necessities of life. It must be noted that petitioner’s plight does not go to that extreme.
Petitioner makes a conclusory allegation based upon information and belief that the local welfare agency did not comply with the New York State Department of Social Services aid-to-continue directive during the pendency of the hearing decision. Petitioner sets forth no facts in his petition to support this theory, nor is it readily apparent from petitioner’s Exhibit No. 4, the welfare budget sheet for the period January 1, 1980 to June 30, 1980. Petitioner’s reference in petition, paragraph 41, to Exhibit No. 5, page 3, is presumed to refer to end of the fair hearing decision, the midportion of which was not included in the papers submitted to the court by petitioner. Respondents. deny failure to continue the aid. Although the failure to maintain aid-to-continue is a serious allegation when directed by a notice of fair hearing (as was done in this case), or *899 otherwise, as the fair hearing decision is affirmed herein, the matter is rendered moot.
The petition is dismissed in its entirety.