## (July 9, 1981)

■ In the Matter of EVA TICE, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to review a determination of the Commissioner of the New York State Department of Social Services, which sustained discontinuance of petitioner's grant of home

relief and food stamps for 30 days. As an employable recipient of public assistance, petitioner was obliged to accept employment referrals (Social Services Law, § 131, subd 5). The State Employment Service notified petitioner by telephone that she was to report for a job opening that afternoon in Elmira. Although she had no private transportation, bus service, for a round trip fare of 50 cents was available. She advised the caller that she was scheduled to pick up her home relief check the following day and had only enough funds for the bus trip to Elmira. The next day, when she reported to the State Employment Service where she customarily obtained her home relief check, she made no inquiries regarding the job referral. It was not until several weeks later, and only after being advised that her benefits were being terminated for failing without good cause to take the job referral, that petitioner undertook to explain to her caseworker at the local social services agency why she had declined to do so. Significantly, although in the past she had requested and received transportation expenses from that agency, she had made no such request on this occasion. Following a fair hearing, the State Commissioner of Social Services determined that the "credible evidence does establish that appellant failed to accept a referral to employment and does not have a valid reason for such failure". There being ample evidence in the record to support the commissioner's rejection of petitioner's explanation as constituting good cause, that conclusion must be sustained *(Matter of Tillman v Fahey,* 73 AD2d 980). Determination confirmed, and petition dismissed, without costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.