■ In the Matter of GERALDINE WOODS, Petitioner, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany

County) to review a determination of the Commissioner of the State Department of Social Services, which discontinued petitioner's grant of home relief benefits for 30 days. Petitioner is a recipient of public assistance under the home relief provisions of the Social Services Law and is classified as an employable person required to perform such work as is assigned to her by the social services official furnishing such home relief (Social Services Law, § 164, subd 1). She was notified that she was scheduled to work a total of 76 hours during February, 1980. Petitioner reported to work for only 56½ hours and was thereafter sent a "Notice of Intent to Discontinue Public Assistance" in which petitioner was informed that her grant would be discontinued on March 6, 1980 for failure to meet her work requirements. Although the notice also stated she would remain ineligible for assistance for a period of 60 days, this sanction was subsequently reduced to 30 days. A fair hearing was held and petitioner asserted that she was ill on the days she failed to report to work. She further testified that on February 4, 1980 a friend telephoned her supervisor to inform him that petitioner was ill and would not report for work and that as to the remaining absences she did not telephone because she had no telephone. The State commissioner affirmed the determination of the local agency and the instant article 78 proceeding was commenced seeking to annul the determination. Petitioner contends that there is no substantial evidence to support the determination, that the 30 days' sanction violates section 1 of article XVII of the New York State Constitution, and that the sanction is arbitrary and capricious and an abuse of discretion. We disagree and are to confirm. Petitioner had the burden to establish that she had good cause for her failure to report for work *(Matter of Tillman v Fahey,* 73 AD2d 980, 981, affd 53 NY2d 815), and since the record demonstrates no verification of her inability to work due to illness on the days in question, she failed to meet this burden *(Matter of Carr v D'Elia,* 72 AD2d 769, 770). In our view, there is substantial evidence to sustain the determination. We also reject petitioner's constitutional challenge to the sanction of 30 days *(Matter of Barie v Lavine,* 40 NY2d 565) and conclude that it is neither arbitrary and capricious nor an abuse of discretion. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.