Daniel E. Fitzpatrick, J.
The petitioner, a recipient of public assistance, brings this article 78 proceeding for an order compelling respondent Lavine to issue subpoenas requested by the petitioner, staying the hearing pending the determination of this motion, and staying the respondents from reducing the petitioner’s assistance until the hearing is held. The Hearing Examiner has refused to issue the requested subpoenas.
Respondents oppose this motion, contending that an attorney of record has the authority to issue subpoenas. (CPLR 2302.)
Petitioner’s attorney, citing staff limitations, represents that no one is available to represent the petitioner at the hearing. Thus, at the hearing the petitioner will not be represented by counsel.
The authority granted the Hearing Examiner to issue subpoenas applies most cogently where a litigant, appears before him without counsel. (18 NYCRR 358.14,18 NYCRR 358.16 [c].)
The motion is granted in full. The Hearing Examiner, Mr. Abraham Krebs, is directed to issue forthwith all the subpoenas cited in the moving papers. The respondents are ordered to pay the petitioner the amount contained in her assistance check prior to any semimonthly adjustment, without any reduction therefrom until a hearing is held. The hearing is stayed until such time as petitioner is in receipt of all the documents, etc., ¿subpoenaed.
(On Reargument, April 4, 1973)
This is an application by respondent for an order dismissing the petition upon the grounds that the court has no jurisdiction of the subject matter. The court will also treat this application as one to reargue a prior decision of this court, dated March 14, 1973, which, in effect, granted the petition compelling the Hearing Examiner to issue subpoenas.
The respondent contends that the power granted to the Hearing Examiner is a discretionary, not a mandatory power, and cannot be the subject of this article 78 proceeding. Under the circumstances, the court rejects that argument. Inasmuch as petitioner is unable to have counsel present at her “ fair hearing ”, she would then be unable to produce important and relevant witnesses and evidence on her behalf. Due process requires that petitioner have that opportunity. (Goldberg v. Kelly, 397 U. S. 254.) There is no justification for distinguishing between individuals who are represented by counsel and those who are unrepresented since both are entitled to the same procedural rights.
*774 Since the Hearing Examiner is the impartial arbiter of a controversy such as this, he should have no objection to the application of petitioner for the subpoena of evidence which can only assist him in his decision. The Hearing Examiner has been granted this authority, and, under these circumstances, should not be loathe to use it. (18 NYCRR 358.14.)
In the absence of evidence indicating the frequent failure of the Hearing Examiner to issue such subpoenas under the same or similar circumstances, the court will not render a declaratory judgment. (CPLR 3001.) The application to dismiss the petition is denied.
The motion to reargue is granted by consent. Upon reargument, the original decision is adhered to, except that it is modified to the extent that petitioner is not required to pay the costs of the issuance of the subpoenas, including witness’ fees. (Boddie v. Connecticut, 401 U. S. 371; Hotel Martha Washington Mgt. Co. v. Swinick, 66 Misc 2d 833; Jeffreys v. Jeffreys, 58 Misc 2d 1048, revd. 38 A D 2d 436.) The failure to provide for payment of such fees by the city or county would deny an indigent party effective and equal access to the courts. (Hotel Martha Washington Mgt. Co. v. Swinick, supra.)
The Hearing Examiner, Mr. Abraham Krebs, is directed to issue forthwith all the subpoenas cited in the moving papers, without cost to petitioner. The respondents are ordered to pay to petitioner the amount contained in her assistance check prior to any semimonthly adjustment, without any reduction therefrom until a hearing is held. The hearing is stayed until such time as petitioner is in receipt of all the documents, records, etc. subpoenaed.