■ In the Matter of JUDY DE LONG, Respondent, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered June 11, 1974 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Department of Social Services declaring her ineligible for day care services. Petitioner, a self-supporting divorced mother of two children, is enrolled in a four-year academic program leading to a bachelor's degree in sociology and received day care services for her children pursuant to Social Services Law (§ 131-a, subd 6 par [d]). Following

a fair hearing, these benefits were terminated on the ground that petitioner was not attending an approved course of vocational or occupational training, or a two-year undergraduate college with a specific vocational objective as required by the regulations set forth thereunder (Social Services Law, § 131-a, subd 6, par [d]; 18 NYCRR 352.7 [e], 369.10 [b]). Special Term found the appellant commissioner's interpretation of the statute and its regulations unreasonable, arbitrary and capricious, particularly because of the apparent distinction thereby created between an "academic" as opposed to a "vocational" institution of learning. We must disagree. The test to be applied is whether or not there is a rational basis for the administrative determination. If the construction given statutes and regulations by the agency responsible for its administration is not irrational or unreasonable, it should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434). Here, by statute, the commissioner may make provision for day care assistance to those "receiving occupational training" and has determined that this assistance should be effectively limited to those persevering in a two-year undergraduate college program with a specific vocational objective. We are not called upon to decide if this is the best approach to the problem, or whether a better solution could be devised. It is not the court's province to second-guess State officials in their resolution of the many difficult problems and choices faced when allocating funds in this area *(Dandridge v Williams,* 397 US 471). The commissioner has met the test of rationality and if there is to be a change in his construction of the statute, it is for the Legislature to accomplish that task *(Matter of Howard v Wyman, supra).* Judgment reversed, on the law and the facts, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.