■ In the Matter of KATHERINE KIRSCHNER, Petitioner, v STEPHEN BERGER, as Acting Commissioner of the New York State Department of Social Services, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, made after a fair hearing, which affirmed a determination of the Dutchess County Department of Social Services removing petitioner's day care allowance from her grant of aid to dependent child. Determination annulled, on the law, without costs, and petition granted. Petitioner is the mother of a two-year-old child and is the recipient of public assistance. In February, 1975 she entered into a two-year training program at Dutchess Community College in the field of business administration. It is undenied that she entered the program upon the request and recommendation of the service worker associated with the local social service agency. In March, 1975 she was notified by that agency that her day care allowance was to be discontinued on the ground that her occupational training was not necessary in order for her to be gainfully employed. The decision of the local agency was affirmed by respondent after a fair hearing. The determination to discontinue child care services, upon the grounds stated, was arbitrary and an abuse of discretion. The regulations of the Department of Social Services of the State of New York clearly provide that participation in a two-year college program, such as that in which petitioner is engaged, entitles one to an unemployable status and to the receipt of certain incidental educational allowances, including child care

services (18 NYCRR 385.1 [a] [4], 352.7 [a] [1]). There is neither statutory nor administrative authority to support the test by which respondent measured petitioner's eligibility for child care services. Respondent nevertheless asserts that two recent appellate decisions involving petitioners who unsuccessfully sought child care services are in point with the appeal at bar and support the administrative determination herein. Upon examination, we find that in both of these cases, *Matter of De Long v Lavine* (48 AD2d 740) and *Matter of Burns v Lavine* (48 AD2d 1012), the petitioners were enrolled in four-year academic programs leading to undergraduate degrees in the liberal arts. Both attacked as unreasonable the department's regulation providing day care allowances only for those attending an approved course of vocational or occupational training, or a "two-year college program with a specific vocational objective" (18 NYCRR 385.1 [a] [4]). Petitioner herein is not attacking the regulation approving two-year vocational programs; rather she claims that her course of study fits within the regulation as promulgated. Consequently, the above-mentioned cases are inapposite to the case at bar. Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur.