■ In the Matter of ODESSA ROGERS, Appellant, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner appeals from a judgment of Special Term which confirmed respondents' determination that a mathematics course taught by the Board of Cooperative Educational Services and taken by petitioner in the belief that it was necessary to her and required for training in cosmetology was not "suitable occupational training" qualifying petitioner for reimbursement of transportation and child care expenses (see Social Services Law, § 350-i; 18 NYCRR 352.7 [e], 369.10 [b]). Petitioner concedes that the course is not vocational but she contends that she should be reimbursed for her transportation and day care expenses because: (1) the mathematics course is a necessary prerequisite for cosmetology; (2) she would not benefit from cosmetology training without improving her mathematics; and (3) the course is a prerequisite to a high school equivalency diploma which in turn is a prerequisite to cosmetology. She bases her position upon information given

to her by: (1) a friend who told her that mathematics was a prerequisite to cosmetology; and (2) a teacher at BOCES who told her that cosmetologists make up their own permanent lotions and she "can't measure". She has been out of school 10 years and she needs to brush up in her mathematics. Petitioner "believes" she needs a high school equivalency diploma to be licensed for cosmetology because her friend told her so. (She apparently needs only an elementary education for a license in cosmetology [see General Business Law, § 404, subd 1, par (d)].) The burden rests upon petitioner to demonstrate her eligibility for benefits *(Matter of Barie v Lavine,* 48 AD2d 36, affd 40 NY2d 565; *Matter of Vickers v Lavine,* 56 AD2d 731; *Matter of Pailley v Fahey,* 55 AD2d 201). She has relied entirely upon hearsay information which contradicts the apparent requirements of the General Business Law regarding licenses. Respondents determined that while the course might be advisable and helpful (as would other academic subjects such as English, reading or chemistry), it is not a vocational course. This distinction between academic and vocational courses is one that respondent commissioner is free to make and if his interpretation of the regulations is not irrational or unreasonable, it should be upheld *(Matter of De Long v Lavine,* 48 AD2d 740, citing *Matter of Howard v Wyman,* 28 NY2d 434). The commissioner's interpretation was reasonable. We have considered the other points raised by petitioner and find them without merit. (Appeal from judgment of Cattaraugus Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.