■ In the Matter of EDWARD ARNOLD, Appellant, v JAMES REED, as Director of the Monroe County Department of Social Services, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner brings this article 78 proceeding alleging that a determination by respondents which denied him home relief benefits was affected by an error of law and was arbitrary and capricious. Respondents found that petitioner was ineligible for assistance because he was receiving Federal supplemental security income payments (see Social Services Law, § 158; 18 NYCRR 370.4). Petitioner's wife, a blind person, received supplemental security income. In addition to her regular benefit she received an additional payment because there was an "essential person" (petitioner) living with her. Under applicable Federal law an "essential person" is a person "whose needs were taken into account" in determining the need of petitioner's wife (Public Law, 93-66, tit II, Part B, § 211, subd [c],cl[1], as amd). Respondents' position is that notwithstanding the fact that the SSI payment was made to petitioner's wife, petitioner was a recipient of SSI benefits because the payment to his wife was increased to cover his needs as an essential person in the household. Respondents contend, therefore, that he was ineligible for public assistance under the applicable State laws and regulations. Petitioner contends that this determination was erroneous because petitioner did not actually receive any check in his own name under the SSI program. While an administrative agency has no authority to create a rule out of harmony with the statute in question, the construction placed upon a statute by the agency charged with administering it should be upheld if not irrational or unreasonable (Matter of Howard v Wyman, 28 NY2d 434, 438). Section 158 of the Social Services Law declares that persons receiving SSI payments shall not be eligible for home relief. Respondents have interpreted the statute to include benefits paid indirectly to petitioner through his wife, holding that as an "essential person", petitioner's needs were taken into account and the payments to his wife supplemented to include them. Since these additional payments were for his benefit, the determination of respondents was rational and reasonable. Petitioner raises two constitutional objections to respondents' implementation of the statute; first, that petitioner has been denied equal protection of the law and, second, that respondents have violated an affirmative duty under section 1 of article XVII of the New York Constitution. Petitioner contends that he has been denied equal protection of the law because the statute (Social Services Law, § 158) and regulations promulgated pursuant to it create two classes of needy persons, one eligible for home relief because they do not receive SSI assistance, and one ineligible for home relief because they do receive SSI assistance. The rule applied in equal protection cases in which economic interests are involved is that the classification challenged must be rationally related to a legitimate State interest to be permissible (New Orleans v Duke, — US ——; Montoroula v Parry, 54 AD2d 327; Roundtree v Berger, 420 F Supp 282). This statute serves a legitimate State interest in providing for proper allocation of limited State funds by preventing duplication of payments to those already receiving Federal funds (see 1974 McKinney's Session Laws of the State of New York, p 2053), and it does not

violate the equal protection clauses of the State and Federal Constitutions. Nor does the determination of respondents violate section 1 of article XVII of the State Constitution. That section, as the Court of Appeals has noted in another connection, "mandates only that the 'needy' and those unable to care for themselves be afforded aid and support 'in such a manner and by such means, as the Legislature may from time to time determine' ". *(Matter of Barie v Lavine,* 40 NY2d 565, 570). The Legislature has set forth a rational standard for determining eligibility under section 158 of the Social Services Law and respondents have interpreted the statute and applied it reasonably in this case. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.