OPINION OF THE COURT
Joseph P. Kuszynski, J.
Petitioner, Solomie Kelly, through Keith A. Morgenheim, Esq., from the office of Legal Counseling for the Elderly Project, Legal Aid Bureau of Buffalo, Inc., brings this article 78 proceeding to recover the sum of $1.60 spent by petitioner for bus fare in visiting Mr. Morgenheim at his office on two occasions when preparing for a fair hearing.
By way of background, the petitioner had applied to the Erie County Department of Social Services (ECDSS) for "homemaker’s services” as an item of medical assistance. This request was denied and thereupon she retained the Legal Counseling for the Elderly Project, to process a fair hearing to review the denial of her request for this service. She stated that she visited the offices of her attorney on July 8, 1977 and *897 again on August 24, 1977 in order to prepare for this fair hearing which was held on August 25, 1977.
Petitioner’s later request to be reimbursed for these transportation expenses was denied by the ECDSS and the determination was later affirmed in a fair hearing decision made by Barbara Blum on December 19, 1977.
This court is asked at this time to review the fair hearing determination and to construe a regulation of the State Department of Social Services as allowing the reimbursement for bus fare. This regulation (18 NYCRR 358.10) reads: "Time and place of hearing. The hearing shall be held at a time and place convenient to the appellant as far as practicable, taking into account circumstances such as the physical inability of the appellant to travel to the regular hearing location. If requested, necessary transportation for the appellant and his representative and witnesses, child care and other costs and expenditures reasonably related to the hearing shall be provided by the social services official.”
The respondents herein named seek a dismissal of the petition upon the grounds that the regulation in issue only allows the ECDSS to reimburse transportation costs to attend a fair hearing itself. They contend the thrust of the directive relates to attendance at a hearing alone and covers "expenditures reasonably related to the hearing”. They further argue that to accept the petitioner’s interpretation is "tantamount to saying that the local social services agency is required to undertake the costs of the preparation of petitioner’s defense and 18 NYCRR 358.10 clearly did not intend for that result”.
Respondents further urge upon this court that the construction of a statute by an administrative agency charged with its enforcement, in the instant case, the New York State Department of Social Services, should be followed unless its interpretation is irrational, unreasonable, or without a basis in law, and that the court may not substitute its judgment for that of the administrative agency.
This court agrees with the position of the respondents. (See Matter of De Long v Lavine, 48 AD2d 740; Matter of Arnold v Reed, 57 AD2d 1043; Matter of Rogers v Berger, 57 AD2d 722; Matter of Denise R. v Lavine, 39 NY2d 279.)
The rationale of Matter of Murphy v Lavine (77 Misc 2d 772) relied upon by petitioner is inapposite to the issue here. That case is concerned with subpoena costs of witnesses to a *898 fair hearing, and thus deals with the hearing itself and attendance of witnesses at the hearing.
This court concludes that the determination made at the fair hearing of December 19, 1977 is neither arbitrary nor capricious, but has a rational basis.
Submit order denying the petition in all respects.