■ In the Matter of LAURIE MABB, Respondent, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment reversed, without costs, petition dismissed and determination confirmed. Memorandum: This proceeding was brought for review of a determination of the Commissioner of the New York State Department of Social Services (Commissioner), which affirmed the decision of the Cattaraugus County Department of Social Services (local agency) denying child care and vocational training expenses sought by petitioner, a recipient of a grant of Aid to Families with Dependent Children. Special Term annulled the determination of the Commissioner, finding the denial of child care and educational expenses to be arbitrary and capricious. The regulations of the New York State Department of Social Services provide that child care services are allowable as a necessary part of a plan of self-support where a parent is participating in an approved program of vocational training having a specific occupational goal (18 NYCRR 394.2 [a] [2] [i]; see, also, Social Services Law, § 131-a, subd 6, par [d]). Vocational training expenses may also include costs of books, supplies and other essential items required to enable a parent to obtain suitable occupational

training from an approved institution, provided the parent could not otherwise obtain such training (18 NYCRR 352.7 [e] [1]; see, also, Social Services Law, § 350, subd 1, par [c]). The burden rests upon petitioner to demonstrate her eligibility for such benefits *(Matter of Rogers v Berger,* 57 AD2d 722). Furthermore, it is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Rogers v Berger, supra; Matter of De Long v Lavine,* 48 AD2d 740). Petitioner enrolled in the second year of a two-year Board of Cooperative Educational Services (BOCES) vocational health services program ·to become a nurse's aid. BOCES is established for the purpose of carrying out programs of shared educational services and for providing instruction in special subjects approved by the Commissioner of Education (Education Law, § 1950, subd 1). The record of the fair hearing, however, shows that three area health care facilities informed the local agency that they neither required the BOCES course as a prerequisite for employment nor accepted such training as a substitute for their own nurse's aid training programs, which take only two weeks to complete. Additionally, petitioner testified, and there was also other testimony, that two local hospitals required a high school diploma for the position of nurse's aid, and she did not have one. On the facts presented, the Commissioner's interpretation of the applicable regulations to exclude benefits for petitioner's BOCES program was not unreasonable. *Matter of Kirschner v Berger* (51 AD2d 549, affd 42 NY2d 970), relied upon by the petitioner, does not require a different conclusion. In *Kirschner,* the petitioner had been employed as a credit reviewer and was participating in a two-year college program in the field of business administration to qualify as a credit manager. The Commissioner discontinued petitioner's child care services on the ground that her occupational training was not necessary for her to be gainfully employed. This was held to be an improper test for measuring petitioner's eligibility under the applicable regulations (51 AD2d 549, 550). Here, the Commissioner's objection is that petitioner's vocational training simply will not qualify her for the position she seeks. All concur, except Cardamone and Dillon, JJ., who dissent and vote to affirm the judgment in the following memorandum: We concur with the reasoning at Special Term and vote to affirm its judgment which ordered grants to petitioner Laurie Mabb for day care services and essential allowances required by her to attend occupational training. Petitioner, Laurie Mabb, resides with her infant son, now almost three years of age, in Olean, New York. She is a recipient of Aid to Families with Dependent Children (AFDC) from the Cattaraugus County Department of Social Services in the amount of $260 per month, the only income for petitioner and her son. Petitioner successfully completed the first year of a two-year vocational training program in June, 1974. The program, sponsored by the Board of Cooperative Educational Services (BOCES) established under the New York State Education Law, is designed to train petitioner for a position as a nurse's aid or other similar position in the health field. Between 1974 and 1976, petitioner married, had a child and separated. In September, 1976 she enrolled in the second year of the program and made an application to the local agency for assistance to pay the expenses of attending the program, including child care and necessary books and uniforms. In a notice dated September 15, 1976 the local agency denied her application and by letter dated November 19, 1976 set forth its policy that the BOCES program was not a prerequisite for employment as a nurse's aid and thus does not qualify under 18 NYCRR 352.7 (e) (1) for funds. The local

agency believed that a high school diploma should be petitioner's primary goal if employment was desired. Petitioner appealed and subsequent to a fair hearing Philip L. Toia, Commissioner of the New York State Department of Social Services, affirmed the local agency's determination. Petitioner's article 78 proceeding to review the determinations of the State and local agencies was heard at Special Term which annulled the fair hearing decision, ordered day care payments in an amount not to exceed $25 per week, ordered an allowance not to exceed $35 for uniforms and books, and made the terms of the judgment retroactive to September 3, 1976, the date of petitioner Mabb's application. Special Term also found that the denial of child care services and other educational expenses was arbitrary and capricious. An express purpose of the Federal program of Aid to Families with Dependent Children (AFDC) is to help parents of dependent children "to attain * * * capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection" (US Code, tit 42, § 601; *Shea v Vialpando,* 416 US 251, 253). Consistent with this aim of preventing individuals from becoming public charges, New York has provided in its Social Services Law that "It shall be the duty of social services officials, insofar as funds are available for that purpose, to provide adequately for those unable to maintain themselves * * * They shall, whenever possible, administer such care, treatment and service *as may restore such persons to a condition of self-support* * * * and shall further give such service * * * as may prevent the necessity of their becoming public charges" (Social Services Law, § 131, subd 1; emphasis supplied). The Legislature has also delegated to the social services officials the duty of making provisions for day care and allowances for the cost of tuition, books and supplies provided the homemaker is receiving occupational training (Social Services Law, § 131-a, subd 6, par [d]; § 350, subd 1, par [c]). Under this statutory aegis the Department of Social Services has promulgated the following regulation: "Day care services for children are allowable only in the following instances: (a) As a necessary part of a plan of self-support for the parent * * * who meets the following requirements: * * * (2) are participating in an *approved program* of vocational training * * * Under this requirement day care services shall be authorized only for the following training programs: (i) those which have a specific occupational goal and are conducted by an institution licensed or *approved by the State Department of Education other than a college or university"* (18 NYCRR 394.2; emphasis supplied; see, also, 18 NYCRR 352.7 [e]). *Matter of Kirschner v Berger* (51 AD2d 549, affd on memorandum at App Div 42 NY2d 970) dealt with issues similar to those involved in this case. There the petitioner, a recipient of AFDC, entered a two-year training program in the field of business administration, but her day care allowance was discontinued "on the ground that her occupational training was not necessary in order for her to be gainfully employed". The Second Department held that this determination, "upon the grounds stated" was arbitrary and an abuse of discretion and that "There is neither statutory nor administrative authority to support the test by which [the Department of Social Services] measured petitioner's eligibility for child care services". In the instant case the program in which petitioner has enrolled fits squarely within the classification of occupational training obtained "from other institutions licensed or approved by the State Education Department" (18 NYCRR 352.7 [e]; Admin Letter 74 ADM-57). BOCES is established and its courses are approved by the Commissioner of Education (Education Law, § 1950, subd 1, formerly § 1958, subd 1). Moreover, the regulations of the State Education Depart-

ment require such program to be suited to the need in the employment market for persons with the occupational training provided by the program (8 NYCRR 141.4 [b] [2], 141.5 [a]). The majority reasons that since Mabb may be able to obtain a health aide's position without the BOCES program, day care and allowances for education-related expenses are not warranted. Such a conclusion runs contrary to the regulations of the Department of Social Services which state that day care services shall be provided as "a necessary part of a plan of self-support" (18 NYCRR 394.2 [a]) and that allowances shall be provided so long as "such person could not otherwise obtain such training without costs" (18 NYCRR 352.7 [e] [1]). Further, *Kirschner* considered and dismissed this view. In that case the agency also contended that no day care services were available because the training program was not necessary in order to obtain employment, but it was held that such a contention is unsupported by statute or regulations *(Matter of Kirschner v Berger,* 51 AD2d 549, affd 42 NY2d 970, *supra)*. The fact that the BOCES program is not a prerequisite to employment is not controlling. Such a program of intensive in-class and clinical training is clearly beneficial to a parent without skills and self-confidence and, although not a prerequisite to employment, will help petitioner to become a more valuable and responsible health aide. In that way petitioner will be aided to become self-supporting and personally independent and with less chance of becoming a public charge conforming to the stated purpose of AFDC and the public policy of New York. Petitioner cannot obtain "such training" as she is receiving at BOCES without cost. Therefore, she is also entitled to day care services and an allowance for books and uniforms. Unlike *Matter of Rogers v Berger* (57 AD2d 722) a case relied upon by the majority, the training program entered into by petitioner is clearly occupational or vocational, not merely academic as it was in *Rogers.* Finally, the equities of the case clearly warrant this result. Being a mother of a child under the age of six, petitioner was under no compulsion to seek training to make herself employable (18 NYCRR 385.1 [c] [7], 385.4), yet she attempted to obtain a skill to raise herself out of the class of welfare recipients and, in fact, it appears that she attempted to participate in the program even after her application was denied by the local agency. Moreover, the record before us reveals the petitioner was also studying to take a high school equivalency test at the end of her vocational training program. For these reasons, we dissent and vote to affirm the judgment at Special Term. (Appeal from judgment of Chautauqua Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.