■ In the Matter of CORRINE ALBIN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner dated December 29, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner emergency assistance to needy families with children. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to provide retroactive public assistance to petitioner in the form of emergency assistance to needy families with children. Petitioner applied for emergency assistance to needy families with children (EAF) in order to pay several overdue bills that had accumulated. At the time of her application, the agency requested that she execute a bond and mortgage on her house. When she refused to do so the

agency denied her emergency assistance. The notice of denial stated that the application was denied on the ground that petitioner refused to have a lien placed on her home. A fair hearing was thereafter held upon petitioner's request, and the respondent State commissioner affirmed the agency's denial of EAF, stating that "no evidence of an emergency situation was presented to the agency at the time of the appellant's [petitioner] application for emergency assistance to families nor was such evidence, presented at the hearing". Apparently, the State commissioner concluded that petitioner's needs would continue beyond a period of three months and that, accordingly, she was required to execute a bond and mortgage. It was improper to deny petitioner's application for EAF on the ground set forth in the notice of denial, to wit, petitioner's failure to execute a bond and mortgage on her house. Clearly every applicant has the right to apply for the form of assistance she believes will meet her needs (see 18 NYCRR 350.3 [a]). EAF cannot, by definition, be authorized for a period of more than 30 days (see 18 NYCRR 372.1 [b]). Although an applicant is expected to utilize all available resources to eliminate or reduce the need for public assistance, in cases of temporary need, which by definition is expected to terminate within three months, the assignment of a home shall not be required (see 18 NYCRR 352.23). Implicitly, if need is expected to extend beyond a three-month period, an assignment of a home could be required. Apparently, the State commissioner relied on this provision in requiring the execution of a bond and mortgage. This was error since petitioner only applied for EAF, which could only be authorized for a period of 30 days. Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.