OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment reversing the decision after fair hearing of respondent Commissioner of New York State Department of Social Services insofar as it affirmed the determination of respondent Rensselaer County Department of Social Services to discontinue day care services for the petitioner’s child.
From July of 1976 until the present, petitioner has received *1091 a grant of assistance in the grant category of "Aid to Families with Dependent Children”. Petitioner had been employed by the Council of Economic Opportunity with gross wages of $455 monthly and was authorized day care aid in the amount of $147.33 monthly. On August 17, 1979, petitioner resigned from her employment at the Council of Economic Opportunity to become a "VISTA” volunteer, and on September 4, 1979 she became a "VISTA” volunteer.
The respondent Rensselaer County Department of Social Services terminated her day care services because she terminated her employment and became a volunteer, pursuant to 18 NYCRR 416.2 which states in effect that such day care payments are allowable only when the parents of the child are employed, or when a parent is a part of a program of vocational training or rehabilitation or is actively seeking employment.
After a fair hearing, respondent New York State Commissioner of Social Services affirmed the determination on the grounds that petitioner terminated her employment and does not meet the requirements for day care services as set forth in the cited regulations.
Petitioner contends that respondent’s decision after fair hearing was affected by an error of law and was arbitrary and capricious, and that her "VISTA” duties as a volunteer actually qualified her under Federal regulations.
 This court cannot agree with the contentions of the petitioner. The regulations in question provide that child care services are allowable as a necessary part of a plan of self-support where a parent is participating in an approved program of vocational training having a specific occupational goal. The burden rests upon petitioner to demonstrate her eligibility for day care benefits (Matter of Mabb v Toia, 64 AD2d 831). Furthermore, the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld (Matter of Howard v Wyman, 28 NY2d 434; Matter of Rogers v Berger, 57 AD2d 722).
On the facts presented, the commissioner’s interpretation of the applicable regulations to exclude benefits for petitioner’s "VISTA” program was not unreasonable.
The petition is therefore in all respects denied.