■ STATE OF NEW YORK, Appellant, v CHRISTINE E. DOMES, Respondent. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered January 5, 1981 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment. Defendant borrowed $1,000 from the State University of New York under the National Direct Student Loan Program and executed a promissory note which provided, *inter alia,* that portions of the indebtedness were subject to cancellation for each year that she served as a full-time teacher of handicapped children in a public or other nonprofit elementary or secondary school system. Defendant is a licensed physical therapist and was employed from 1973 to 1976 in that capacity by the Rome Developmental Center and from 1976 to 1977 by the Madison County Association for Retarded Children. Between 1974 and 1977, she annually applied for partial cancellation of a portion of the loan to the Student Loan Service Center of the State University, the State agency administering the Federal program, and her application was approved. When defendant again applied for partial cancellation for the 1977-1978 school year, however, her application was rejected. It was determined that the previous applications had been improperly granted, and the prior cancellations of her debt were revoked. Defendant did not in any way challenge that determination, but defaulted on the loan after making repayments aggregating $200. The State then brought the instant action to recover the unpaid balance of the loan. This appeal from Special Term's denial of plaintiff's motion for summary judgment turns on whether defendant has raised a triable issue of fact on her entitlement to cancellation of her indebtedness under the previously described provision of the note, which in turn was based upon the following provision in the Federal enabling and funding legislation (US Code, tit 20, § 1087ee, subd [a], par [2], cl [C]): "(a)(2) Loans shall be cancelled under paragraph (1) for service * * * (C) as a full-time teacher of handicapped children in a public or other nonprofit elementary or secondary school system". The applicable Federal regulation provides that the institution that "makes the loan decides whether a borrower is entitled to cancellation" (45 CFR 174.52 [b]). As the agency administering the statutory program, the State University's construction of the applicable provision is entitled to deference unless its interpretation is out of harmony with the statute or lacks a rational foundation (see *Matter of Howard v Wyman,* 28 NY2d 434, 438; *State of New York v Collins,* 78 AD2d 295, 297; *Matter of Arnold v Reed,* 57 AD2d 1043, revd on other grounds 43 NY2d 829). We cannot say that the State University's exclusion of physical therapists, in general, from eligibility for

cancellation of a student loan as teachers of handicapped children lacks a rational foundation or conflicts with the language of the Federal statutory and regulatory scheme. "Physical therapy" is commonly defined as "the treatment of disease by physical and mechanical means" (Webster's New Collegiate Dictionary [1980 ed], p 859). The State licensure law similarly defines physical therapy in terms of the "evaluation, treatment or prevention of disability, injury, disease, or other condition of health using physical, chemical, and mechanical means" (Education Law, § 6731, subd a). The Federal statute and accompanying regulation, on the other hand, clearly refer to providers of direct services to handicapped children which are academic in character. The act grants the right of cancellation to a "teacher", in an "elementary or secondary school system" (US Code, tit 20, § 1087ee, subd [a], par [2], cl [C]). The regulation defines "teacher" as one who provides services to "students for their *educational* development", either in the classroom or in "positions of an *educational nature* such as a librarian and a guidance counsellor" (45 CFR 174.51 [h]) (emphasis added).* Since, as we have concluded, the university could validly exclude the services of physical therapists in general from eligibility for loan cancellations, to defeat the motion for summary judgment it was incumbent upon defendant to submit evidence in admissible form that the services she actually rendered entitled her to the benefit of the statute (see *Zuckerman v City of New York*, 49 NY2d 557). Clearly, defendant's vague, conclusory allegations contained in her opposing affidavit that she is "a teacher within the definition of the federal rules and regulations" and "was directly involved in the education of retarded students to whom she taught *motor skills* necessary to an academic education" (emphasis added) are insufficient to create a triable issue of fact distinguishing her services from those customarily performed by a physical therapist (see *Rotuba Extruders v Ceppos*, 46 NY2d 223). Moreover, defendant has also failed to establish that the Rome Developmental Center and the Madison County Association for Retarded Children constituted "a public or other nonprofit elementary or secondary school system", a further requirement of eligibility under the statute (US Code, tit 20, § 1087ee, subd [a], par [2], cl [C]). For the foregoing reasons, Special Term erred in denying plaintiff's motion for summary judgment. Order reversed, on the law, without costs, and plaintiff's motion for summary judgment granted. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.

---

* The university's interpretation is buttressed by the recently promulgated guidelines of the United States Department of Education, expressly excluding physical therapists from the loan cancellation program on the ground that a medical, and not educational, service is provided (see *NDSL:* Cancellation Postponement Deferment Guide, U. S. Dept. of Educ., Office of Student Financial Assistance, June, 1980, p 20).