■ RIVERHEAD CENTRAL SCHOOL DISTRICT, Respondent-Appellant, v ANITA ROMANO, as Commissioner of the Suffolk County Department of Social Services, Appellant-Respondent, and KENNY KING ENTERPRISE COMPANY, INC., Respondent.— In an action for injunctive relief with respect to the placement of recipients of public assistance in the Riverhead Central School District, the defendant Romano, as Commissioner of the Suffolk County Department of Social Services, appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated September 6, 1984, which denied her motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as

said complaint is asserted against her, and the plaintiff appeals from an order of the same court, also dated September 6, 1984, which granted the respondent's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as said complaint is asserted against it.

Orders affirmed, without costs or disbursements.

The Riverhead Central School District sought to restrain Anita Romano, as Commissioner of the Suffolk County Department of Social Services, *inter alia,* from placing families with school-age children in a motel owned by Kenny King Enterprise Company, Inc., alleging that such placement was in violation of Social Services Law § 350-j, which limits emergency assistance to 30 days in any 12-month period. Romano moved to dismiss the complaint, insofar as it is asserted against her, pursuant to CPLR 3211 (a) (7), claiming that her mandate to provide Aid to Dependent Children is governed by Federal statute.

Although Aid to Dependent Children is a Federal program which must be administered by the States in accordance with Federal standards *(see, Matter of Foster v Blum,* 71 AD2d 758), State regulations are valid as long as they are not more restrictive than those provided in the Social Security Act *(see, Hagans v Berger,* 536 F2d 525). The language of Social Services Law § 350-j was taken from the Social Security Act (42 USC § 606 [e] [1]) and appears as well in 18 NYCRR 372.1 (b). Accordingly, emergency assistance to families with children cannot, by definition, be authorized for a period of more than 30 days *(see, Matter of Albin v Blum,* 74 AD2d 869), and the plaintiff's claim states a cause of action against Romano. As Special Term found that the respondent was not a necessary party *(see,* CPLR 1001 [a]; *see, Matter of Castaways Motel v Schuyler,* 24 NY2d 120), and no cause of action was asserted against it, dismissal with respect to it was proper. Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.