OPINION OF THE COURT
Robert G. Hurlbutt, J.
In a proceeding under CPLR article 78, petitioner seeks review of respondents’ determination that her application for public assistance for her minor daughter, Jessica, was required to include the needs and income of the child’s sibling, Salvatore, Jr., who was residing in the household but was not an applicant for or a recipient of public assistance. The facts are undisputed. On November 21, 1989 petitioner applied for a grant of public assistance for herself and Jessica. Petitioner and Jessica resided with petitioner’s son, Salvatore, Jr. and the son’s father, Salvatore Cornacchione. Mr. Cornacchione is not the biological or adoptive father of Jessica and therefore is not responsible for her support. At the time of the application, petitioner was told by the caseworker that if petitioner included Jessica in the application the filing rules would require them to include Sal, Jr. and his father in the filing unit, and the result would be that the entire household would be ineligible for assistance due to excess resources. Upon this advice, petitioner allowed her application to be amended to exclude Jessica, and she received a grant of Aid to Dependent Children for a household of one.
Petitioner appealed the determination of the Oswego County Department of Social Services, and on May 8, 1990 a fair hearing was held before an Administrative Law Judge pursuant to section 22 of the Social Services Law. At the hearing, Salvatore Cornacchione testified that, although he became unemployed in November 1989, he had unemployment insurance benefits of $245 per week and supplemental unemployment benefits from his employer in the sum of $125, for a total weekly income of $370. Mr. Cornacchione testified that he owned the home in which he was living with petitioner and the two children, and that he was able to support the child Sal without contribution from petitioner, even when he was unemployed. He also testified that he spent time each day caring for and meeting the child’s emotional and physical needs. Mr. Cornacchione returned to work on May 8,1990.
On June 27, 1990 respondent Perales issued a decision in which he upheld the determination of the local agency that the application for the minor child Jessica was required to *421 include the needs and income of her sibling living in the household, and that the income of the sibling’s father was correctly deemed available to all, rendering the entire household ineligible for assistance. Petitioner alleges that this determination was arbitrary and capricious and in violation of Federal and State law insofar as it treats a nonneedy, nondeprived child, Sal, Jr., as a needy and deprived in order to draw his father’s resources into the filing unit so that the ultimate effect is a denial of assistance to the child who is truly needy and deprived within the meaning of the statutes and regulations.
The issues raised require interpretation of the various governing statutes and regulations, and the language of the State and Federal statutes and regulations is cited in order to provide the framework for the determination to be made. Aid to Dependent Children (ADC), or Aid to Families with Dependent Children (AFDC) as the Federal program is titled, is a cooperatively funded Federal-State public assistance program under which New York is partially reimbursed for benefits paid for needy dependent children. (42 USC §601 et seq.; Social Services Law, art 5, tit 10, § 343 et seq.) The State plan for aid to needy families with children must be approved as in conformity with the Federal statutes and regulations (42 USC § 601), and is required to comply with the mandates set forth at 42 USC § 602. "State regulations are valid as long as they are not more restrictive than those provided in the Social Security Act”. (Riverhead, Cent. School Dist. v Romano, 118 AD2d 551, 552.)
42 USC § 602 (a) (38) provides that a State plan for aid to needy families with children shall, in determining need and eligibility with respect to a dependent child, include:
"(A) any parent of such child, and
"(B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section [606 (a) (1), (2) of this title] or in section [607 (a) of this title] * * * if such parent, brother or sister is living in the same home as the dependent child, and any income of or available for such parent, brother or sister shall be included in making such determination”.
Section 606 (a) provides: "The term 'dependent child’ means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home * * * or physical or mental incapacity of a parent * * * and *422 (2) who is (A) under the age of eighteen, or (B) at the option of the State, under the age of nineteen and a full-time student”.
Section 607 (a) provides that "[t]he term 'dependent child’ shall, notwithstanding section * * * [606 (a) of this title], include a needy child who meets the requirements of section * * * [606 (a) (2) of this title], who has been deprived of parental support or care by reason of the unemployment * * * of the parent who is the principal earner”.
The Federal regulations at 45 CFR 233.90 (c) (i) provide that "needy child deprived by reason of’ is to be interpreted as follows: "The phrase 'needy child * * * deprived * * * by reason of requires that both need and deprivation of parental support or care exist in the individual case. The phrase encompasses the situation of any child who is in need and otherwise eligible, and whose parent — father or mother — either has died, has a physical or mental incapacity, or is continually absent from the home.”
The Social Services Law governs the program for aid to dependent children in New York State, and section 349 (B) of the statute mirrors the above-quoted language from 42 USC § 606 (a):
"1. An allowance may be granted for the aid of such child who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental capacity of a parent * * *
"1-a. In the event federal aid for aid to dependent children is extended to allowances granted for the aid of a child or children whose parent or parents are unemployed * * * allowances may be granted for such child or children, if otherwise eligible, notwithstanding that such child or children have not been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent as required by paragraph one.”
The general provisions of article 5 of the Social Services Law provide at section 131-c (1) that "[f]or the purpose of determining eligibility for and the amount of assistance payable, the social services district shall, when a minor is named as an applicant for public assistance, require that his or her parents and minor brothers and sisters also apply for assistance and be included in the household for the purposes of determining eligibility”.
The regulations of the Department of Social Services (18 NYCRR 369.2 [g]) provide that
*423 "(1) * * * (i) A child or minor shall be considered to be deprived of parental support or care by reason of the death, continued absence from the home, physical or mental incapacity of a parent, or unemployment of a parent, when such death, continued absence, incapacity or unemployment is a contributing factor in the child’s need for a grant of ADC. * * *
"(iii) In the case of physical or mental incapacity, the causal relationship between such incapacity and the deprivation of support or care shall be determined. In the case of death, continued absence or unemployment, the causal relationship may be assumed.”
In the instant case, Oswego County Department of Social Services determined, in connection with petitioner’s application for ADC, that Sal, Jr., as the brother of the applicant Jessica, living in the same home, was required to apply for assistance, pursuant to 42 USC § 602 (a) (38) and section 131-c of the Social Services Law, hereinabove quoted. Sal, Jr. was treated as a brother meeting "the conditions described in clauses (1) and (2) of section * * * [606 (a) * * *] or in section * * * [607 (a)]”. (42 USC § 602 [a] [38] [B].) As a consequence of that treatment, the income and other resources available to the brother, through this father, were included in determining Jessica’s eligibility, resulting in a denial of assistance to her because the amount of unemployment income available to Sal, Sr. renders the group ineligible for assistance.
Petitioner argues that it was improper for respondents to include Sal, Jr. in the filing unit because Sal, Jr. did not meet "the conditions described in clauses (1) and (2) of section * * * [606 (a)] * * * or in section * * * [607 (a)]” as is required by section 602 (a) (38) (B). Section 606 (a) defines a dependent child as a "needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home * * * or physical or mental incapacity of a parent”. (Section 606 [a] [2] governs the age of the child and is not at issue in the instant case.) Petitioner argues that none of the characteristics described in section 606 (a) (1) apply to Sal, Jr., who is financially and emotionally cared for by his father, lives with both parents, and is not deprived of parental support or care. Petitioner reaches the same conclusion under section 607 (a), which extends the definition of "dependent child” to include a "needy child * * * who has been deprived of parental support or care by reason of the unemployment of *424 the parent * * * who is the principal earner”. Petitioner maintains that Sal, Jr. is not, in fact, deprived of support or care by reason of his father’s unemployment, and that he should not have been included in Jessica’s application for assistance under section 602 (a) (38) (B), because he does not meet the conditions of section 606 (a) (1).
At the hearing of May 8, 1990, Mr. Cornacchione testified that he was physically, emotionally and financially providing for Sal, Jr. This evidence was offered in support of petitioner’s contention that Sal, Jr. is not a needy child and is not deprived of parental support or care by reason of unemployment or for any other reason. There was no evidence to the contrary, and no evidence that Sal, Jr. was in any way deprived or needy. Petitioner argues that it is arbitrary to interpret the statutes and regulations to provide that a child is automatically deprived of support by reason of a parent’s unemployment, without reference to the child’s need or deprivation. Petitioner contends that Mr. Cornacchione’s unemployment income of $370 per week is sufficient to save the child from deprivation, and the child should not be considered deprived and needy under section 607 solely because the source of his father’s income is unemployment benefits. Petitioner points to the absurdity of the result in this case, where Jessica is ineligible for assistance when Mr. Cornacchione is unemployed, because his unemployment is an automatic deprivation factor for Sal, Jr. drawing Mr. Cornacchione’s unemployment benefits into consideration on Jessica’s application for assistance, but where, when Mr. Cornacchione is employed and his income is greater, Sal, Jr. no longer has a deprivation factor and, thus, Jessica’s application would be granted.
Respondents argue that Jessica’s sibling living in the household must be included in the filing unit without regard to his need, because his father’s unemployment is a "deprivation factor” automatically pulling him into the unit. Relying upon "administrative interpretations propounded by the federal Department of Health and Human Services (hereafter HHS) and the New York State Department of Social Services”, respondents take the position that no further inquiry is made into whether Sal, Jr. is needy or deprived, once he is found to have an absent, incapacitated or unemployed father.
Respondents cite an administrative directive, dated December 20, 1985 (transmittal No. 85 ADM-51), from the New York State Department of Social Services to local commissioners advising that "in cases in which a parent is applying for ADC *425 on behalf of his or her minor dependent child and has a child in common with another person residing in the household * * * the common child and his or her parent may not be included in the ADC filing unit unless the common child is categorically eligible.” The directive states that "only those blood-related or adoptive brothers and sisters who also have an ADC deprivation factor can be included in the ADC filing unit.” Commissioners were instructed to "first determine ADC categorical eligibility for the non-applying child” by making five "categorical screening” inquiries, one of which is inquiry into whether the parent is unemployed. If the answer to the unemployment inquiry is "yes”, the agency is then directed to "pursue categorical information for the common child.” The directive gives case examples in which one of the fact patterns describes circumstances indistinguishable from those now before the court (except insofar as the nonapplying father in the illustration has only $75 per week in unemployment benefits). The instructed result is that the nonapplying father and son are "pulled into the filing unit” solely on the basis that the father and son are "categorically ADC eligible.” This approach was employed in petitioner’s application here in compliance with the December 1985 administrative directive.
The December 1985 administrative directive was reviewed by the Federal Department of Health and Human Services and found to correctly reflect Federal requirements. The Federal position is explained in a January 13, 1986 action transmittal (transmittal No. SSA-AT-86-1) from United States Department of Health and Human Services to State agencies. This transmittal addresses the addition of section 602 (a) (38) to the Federal statute by the Deficit Reduction Act of 1984 (98 US Stat 494). Whereas under prior law, family members living together were not required to file for AFDC benefits as a unit, the 1984 change, adding paragraph (38) to section 602 (a) dictates that all parents and siblings "who meet the AFDC entitlement factors at section 406 (a) (1) of the Act” (i.e., 42 USC § 606 [a] [1]) must be included as part of the assistance unit. The Federal directive describes a two-step process where-under the assistance unit is first determined on the basis of the existence of a deprivation factor for each member, and then the need of the unit is determined considering all income and resources of all members of the unit.
The Federal regional administrator, in correspondence to the State Department of Social Services dated September 1987, clearly interprets the statute and the January 26, 1986 *426 Health and Human Services action transmittal to require the result reached by the respondent Oswego County Department of Social Services in the instant case. The regional administrator advised that "needy child” as used in section 606 (a) does not require a "sequential need and deprivation determination”. Section 602 (a) (38) is interpreted to provide that the need determination to be made under paragraph (7) of that statute is made in relation to all members of the filing unit. It is not necessary to find the sibling to be "needy” to include him as a member of the filing unit, he need only have one of the deprivation factors listed in section 606 (a) or section 607 (a), i.e., a deceased parent, an absent parent, an incapacitated parent, an unemployed parent. Thus, where, as here, a child has an unemployed parent, he is deprived of parental support and care under section 606 (a) and section 607 (a) without further inquiry.
Congress enacted the Deficit Reduction Act of 1984 and a change in the AFDC program was reflected in the addition of paragraph (38) to section 602 (a). New York State followed suit in enacting Social Services Law § 131-c. Respondents interpret the enactments to require that the filing unit be determined without regard to whether or not the children in question are "dependent children” within the meaning of 42 USC § 606 (a) or § 607 (a). The problem with respondent’s approach is that section 602 (a) (38) (B) clearly says "any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section [606 (a)]”, and paragraph (1) of section 606 (a) describes a "dependent child” as one who has been deprived of parental support or care by reason of certain factors. Section 607 (a) adds to the definition of "dependent child” one who has been deprived of parental support or care by reason of unemployment. Respondents seem intent upon ignoring the plain language "deprived of parental support or care by reason of’ in sections 606 (a) and 607 (a) of the Federal statute, in the regulation at 45 CFR 233.90 (c), and in the State statute at Social Services Law § 349 (B). That language is simply read out of the statutes by the interpretation propounded in the action transmittal of January 13, 1986.
Petitioner cites the unpublished decision of Justice Albert E. Tait, Jr. in Matter of Patterson v Perales, dated November 14, 1986, in which the issue presently before this court was addressed. In Patterson, petitioner sought to annul respondents’ determination that petitioner’s third child, Pasco, who *427 resided in the same household with the applicant petitioner and her two other children, had to be included in the filing unit and income available to him had to be attributed to the entire unit. Pasco’s father was absent from the home, but provided financial support for Pasco, as well as physical care and guidance. Petitioner argued that although Pasco’s father was absent from the home, Pasco was not deprived of parental support and care and, thus, he was not required to be included in petitioner’s application for assistance under Social Services Law § 131-c, or 42 USC § 606 (a) and the regulations promulgated thereunder. Justice Tait found that the determination that Pasco was deprived of parental support and care was based solely upon the father’s absence from the home, and held that such a basis was insufficient because the statutes and regulations clearly require something more than the parent’s mere absence. Citing 18 NYCRR 369.2 (g) and 45 CFR 233.90 (c), Justice Tait held that respondents were required to find Pasco to be deprived of the support and care of his father in order to compel his inclusion in petitioner’s application. The fact that the father was not in the home was not, in itself, sufficient, and there was no basis in the hearing record for a finding that Pasco was deprived of parental support and care.
The circumstances in the instant case are essentially the same as those in Matter of Patterson (supra), the only difference being that the alleged automatic deprivation factor in Patterson was absence from the home, while in the instant case it is the unemployment of the father. This court agrees with the conclusions of Justice Tait in Patterson. Although the Department of Health and Human Services has "embraced a contrary interpretation of the applicable statutes” and the State agency is attempting to comply with the Federal statutes and regulations, "the Federal agency’s interpretation manifestly 'runs counter to the clear wording of a statutory provision’ ”. (Matter of Bosh v Fahey, 53 NY2d 896, 900.) In these circumstances, "the State agency is entitled to rely upon the Congressional mandate despite the existence of a contradictory directive issued by the Department of Health, Education and Welfare.” (Supra, at 900.)
Health and Human Services and the State agency interpret 42 USC § 602 (a) (38) to require inclusion in the filing unit of all siblings in the household with an absent, incapacitated or unemployed parent without further inquiry, treating those factors as the equivalent of deprivation of parental support *428 and care. The statutes, insofar as they define the "dependent child” intended to be reached by AFDC as one "deprived of parental support and care” by reason of certain circumstances, do not support respondents’ interpretations. In fact, the plain language of the statutes compels the conclusion reached by Justice Tait, i.e., that the applicant child must be deprived of parental support and care by reason of one of the cited factors. The cited factors alone are not the equivalent of deprivation. The court is required to uphold the construction given statutes and regulations by the agency responsible for their administration only where such construction is not irrational or unreasonable. (Matter of Mabb v Toia, 64 AD2d 831, 832, affd 48 NY2d 928.) Respondents’ construction of the statutes at issue is contrary to their plain language and is not rational or reasonable.
There was no basis in the evidence presented at the hearing for the conclusion that Sal, Jr. was deprived of parental support and care and, thus, it was arbitrary and capricious and not in accordance with the governing statutes to require the inclusion of Sal, Jr. in the filing unit on petitioner’s application for assistance. The petition is granted. The decision of respondent Perales affirming the local agency’s determination that Sal, Jr. was required to be included in petitioner’s application for assistance for herself and Jessica is annulled.